United States District Court
Southern District of Texas
**ENTERED**
March 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEOFFREY POLK, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-02198 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TEXAS DEPARTMENT | § | |
| OF INSURANCE and | § | |
| TEXAS INSURANCE | § | |
| COMMISSIONER, | § | |
| Defendants. | § | |

## OPINION AND ORDER OF DISMISSAL

The Fifth Circuit recently affirmed dismissal of the action brought in *Lowery v Texas A&M University* for lack of standing. 2024 WL 4614714 (5th Cir). A well-qualified finance professor there asserted that he was "able and ready" to apply for a teaching position, but he hadn't yet applied. Id at *1. This was so, he said, because the university where he wanted to teach allegedly discriminated on the basis of race and sex. The Fifth Circuit found that failure ever to even submit an application was "fatal" to his case because there was "little evidence that submitting a job application would be a futile gesture." Ibid, citing *Carney v Adams*, 141 SCt 493, 503 (2020) (citation omitted).

This action suffers from the same defect. Plaintiff Geoffrey Polk is an attorney who seeks to become a Texas Escrow Officer. See Dkt 12 at ¶¶4, 8–9. Polk is licensed to practice law in Texas, but he's otherwise a resident of Florida and currently domiciled in Illinois. See id at ¶¶4, 7. He alleges that, upon inquiry when applying for the necessary license, he "was advised by Defendants,

pursuant to Section 2652.051(c)(1) of the Texas Insurance Code, he was not eligible for an Escrow Officer License as he is not a 'bona fide resident' of Texas or 'a state adjacent' to Texas." Id at ¶9. Polk nonetheless "desires to obtain his Texas Escrow Officer License," which he believes to be a "fundamental right" and necessary to pursue his "common calling." Id at ¶¶12–13; see also id at ¶¶5–6 (noting that Polk holds similar license in Florida and twenty-four other states).

Rather than apply for the subject license, Polk instead brought this suit, seeking declaratory and injunctive relief that the residency requirement and the procedure for license renewal are in violation of both the Equal Protection and Privileges and Immunities Clauses. Id at ¶¶25–34; see Texas Insurance Code §§2652.051(c)(1), 2652.056(1).

Defendants Texas Department of Insurance and Texas Insurance Commissioner sought dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 13. The parties were ordered to provide supplemental briefing as to whether Polk had standing to challenge the Texas statutes at issue, given that he'd never actually applied for the subject license and been denied. Dkt 21. They did so. Dkts 22 & 23; see also Dkt 24 (reply).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal of an action for lack of subject-matter jurisdiction. Subject-matter jurisdiction is inherently a threshold matter. *Steel Co v Citizens for a Better Environment*, 523 US 83, 94–95, (1998), quoting *Mansfield, Coldwater & Lake Michigan Railway Co v Swan*, 111 US 379, 382 (1884). Federal courts are under an obligation to ensure that it exists, even if they must raise the question *sua sponte*. *Fort Bend County, Texas v Davis*, 139 SCt 1843, 1849 (2019), citing *Gonzalez v Thaler*, 565 US 134, 141 (2012).

The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that it is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008). This includes the burden

to establish Article III standing by showing that the plaintiff has suffered an injury in fact, the injury is fairly traceable to the challenged conduct, and the injury is likely to be redressed by a favorable decision. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992); *Spokeo Inc v Robins*, 578 US 330, 338 (2016). As to the requirement of *injury in fact*, it means that "a claimed injury must be real—'it must actually exist.' And it must not be 'too speculative for Article III purposes.'" *Earl v Boeing Co*, 53 F4th 897, 901–02 (5th Cir 2022) (citations omitted).

Polk concedes that he's never applied for a license to become a Texas Escrow Officer. Dkts 12 at ¶9 & 22 at 3. Even so, he argues that the "deterred applicant doctrine" provides him standing as a would-be applicant discouraged from applying due to discriminatory practices. Dkt 22 at 4, citing *International Brotherhood of Teamsters v United States*, 421 US 324 (1977). As even he acknowledges, such doctrine has almost exclusively been cabined to contexts of fair housing and employment discrimination. Id at 4 n 4; for example, see *Champlin v Experis US, Inc*, 2017 WL 635563 (SD Tex) (ADEA case); *Abrams v Baylor College of Medicine*, 581 F Supp 1570 (SD Tex 1984) (Title VII); *United States v East Texas Motor Freight, Inc*, 643 F2d 304 (5th Cir 1981) (Title VII). But notably, the decision in *Lowery* itself dealt with assertions of race and sex discrimination and found the lack of application to divest the plaintiff of any showing as to injury in fact. 2024 WL 4614714, *1. That determination controls here.

Polk cites without development a single district court opinion that applied the deterred-applicant doctrine to a constitutional claim similar to the one at issue here. Dkt 22 at 4, citing *Walsh v City & County of Honolulu*, 423 F Supp 2d 1094 (D Haw 2006). Decision there involved non-resident plaintiffs who were "deterred" from applying to "public positions" because Hawaii law allowed only current and former residents to apply. Id at 1099–1100. The plaintiffs alleged that the law violated their right to travel, challenging it (like here) as a violation under the Privileges and Immunities and Equal Protection Clauses. Id at 1098.

3

Certain language in *Walsh* reads quite broadly, suggesting that standing was no impediment to the challenge by plaintiffs despite not having yet applied to the specific government jobs at issue. Id at 1099–1100. But it's elsewhere clear that both plaintiffs had applied previously for other positions with the city and been rejected partially due to lack of residency. Id at 1098. Such distinction matters. Compare *Carney v Adams*, 141 SCt at 498 (standing denied where plaintiff had merely expressed interest in applying for available judgeships), with *Gratz v Bollinger*, 539 US 244, 261–62 (2003) (standing found where plaintiff applicant had applied, been denied, and was "able and ready" to apply as a transfer student); *Northeastern Florida Chapter of Associated General Contractors of America v City of Jacksonville*, 508 US 656, 668 (1993) (standing found where plaintiff made regular bids for certain type of contract). And indeed, it is a distinction drawn by the Fifth Circuit itself in *Lowery*. See 2024 WL 4614714, at *1.

That Polk would prefer to file a lawsuit rather than file an application doesn't allow him simply to assume that an adverse outcome would meet any such application. Instead, he lacks standing to bring his constitutional challenge to the subject provisions of the Texas Insurance Code because he hasn't suffered an injury in fact.

This action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Any pending motions are likewise DENIED WITHOUT PREJUDICE as moot, including the pending motion to dismiss for failure to state a claim. Dkt 13.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on __March 18, 2025__, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

4